UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIO LAMAR WILKES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-01528-SRW |
| U.S. EASTERN DISTRICT OF MISSOURI COURTS PROBATION AND PAROLE, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Mario Lamar Wilkes brings this civil action for alleged violations of his civil rights. The matter is now before the Court upon the Plaintiff's application to proceed without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review and for the reasons explained below, the Court will dismiss this action for failure to state a claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff filed the instant action on October 9, 2025. ECF No. 1. He brings this suit against only one defendant – the U.S. Eastern District of Missouri Court Probation and Parole. *Id*. In the section which asked the Plaintiff to identify which federal statutes, treaties, and/or provisions of the United States Constitution are at issue, Plaintiff writes, "Rights, amendments, and laws." *Id*. at 3.

In describing his complaint, Plaintiff states he was harassed, denied food, injured, and arrested. *Id*. at 5. He lists three different dates in 2025 for when these incidents occurred. *Id*. The incidents occurred at a residence, on public transit, and at a food stamp office. *Id*. Plaintiff offers no details about what events took place at what locations or on what dates. It is unclear, for example, if he is claiming that he was arrested on all three dates. For injuries, Plaintiff states, "I have been hospitalized many times on matter and case." *Id*. He provides no information about what injury he suffered, how he suffered the injury, or on which date(s) the injury occurred. Portions of the complaint appear cut off at the margins, leaving many sentences incomplete. The relief section of the complaint is left entirely blank.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action.

The complaint provides no facts regarding any of Plaintiff's allegations. The complaint does not describe any actions taken by the Defendant. Plaintiff states he was arrested, harassed, denied food, and injured, yet fails to connect any of those events to the Defendant. In fact, it is not even clear who Plaintiff intends the Defendant to be, as he at times refers to Probation and Parole, and at other times names only the Court. There is no way to discern what Plaintiff is even claiming took place at the core of his complaint. Further, Plaintiff fails to ask the Court for any relief. This Court cannot construct a legal theory for Plaintiff or supply facts on behalf of Plaintiff. *See Stone*, 364 F.3d at 914-15. Even a pro se litigant must allege facts which, if true, state a claim for relief as a matter of law.

Plaintiff has failed to establish any plausible claim for relief. As such, his claim must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed without prepayment of the required filing fees and costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice for failure to state a claim.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of February, 2026.

                                                                  _/s/ Stephen N. Limbaugh, Jr._____
                                                                   STEPHEN N. LIMBAUGH, JR.
                                                                   SENIOR UNITED STATES DISTRICT JUDGE